UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2024-CV-61102- LEIBOWITZ/AUGUSTIN-BIRCH

**SHANE SCOFIELD**, individually and
on behalf of all others similarly situated,

    Plaintiff,

vs.

**RESOLUTION PROCESSING, LLC**,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Resolution Processing, LLC ("Resolution Processing"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint (D.E. 1), and in support thereof, states as follows:

1. Paragraph 1 of the Complaint contains legal conclusions to which no response is required. Additionally, Resolution Processing states that the Supreme Court decision speaks for itself and objects to and denies any attempt to characterize the decision.

2. With respect to the allegations in paragraph 2 of the Complaint Resolution Processing admits only that Plaintiff alleges that Resolution Processing made pre-recorded telemarketing calls for purposes of promoting their debt relief services and did so without prior written consent. Resolution Processing denies the allegations in paragraph 2 of the Complaint and further denies that Plaintiff is entitled to any relief whatsoever.

3. With respect to the allegations in paragraph 3 of the Complaint Resolution Processing admits only that Plaintiff purports to bring an action on behalf of a nationwide class.

Answer and Affirmative Defenses  
*Scofield v. Resolution Processing*  
Page 2

Case No. 2024-CV-61102-LEIBOWITZ/AUGUSTIN-BIRCH

Resolution Processing denies the remaining allegations in paragraph 3 of the Complaint and further denies that Plaintiff or any purported class member is entitled to any relief whatsoever.

4. Resolution Processing denies the allegations in paragraph 4 and further states that the Federal Rules of Civil Procedure and the TCPA speak for themselves and objects to and denies any attempt to characterize either.

5. Resolution Processing is without sufficient knowledge to admit or deny the allegations in paragraph 5 of the Complaint and thus denies same.

6. Resolution Processing admits the allegations in paragraph 6 of the Complaint.

7. With respect to the allegations in paragraph 7 of the Complaint, Resolution Processing admits only that, based upon the allegations in the Complaint, the Court has subject matter jurisdiction, but Resolution Processing denies that any justiciable claim exists or that Plaintiff is entitled to any relief whatsoever.

8. With respect to the allegations in paragraph 8 of the Complaint, Resolution Processing admits only that, based upon the allegations in the Complaint, the Court has personal jurisdiction, but Resolution Processing denies that any justiciable claim exists or that Plaintiff is entitled to any relief whatsoever.

9. With respect to the allegations in paragraph 9 of the Complaint, Resolution Processing admits only that, based upon the allegations in the Complaint, venue is proper. Resolution Processing denies the remaining allegations in paragraph 9 and further denies that any justiciable claim exists or that Plaintiff is entitled to any relief whatsoever.

10. Paragraph 10 of the Complaint contains legal conclusions to which no response is required. Additionally, Resolution Processing states that the TCPA speaks for itself and objects to and denies any attempt to characterize the TCPA.

Answer and Affirmative Defenses
*Scofield v. Resolution Processing*
Page 3

Case No. 2024-CV-61102-LEIBOWITZ/AUGUSTIN-BIRCH

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required.  Additionally, Resolution Processing states that the TCPA speaks for itself and objects to and denies any attempt to characterize the TCPA.

12. Paragraph 12 of the Complaint contains legal conclusions to which no response is required.  Additionally, Resolution Processing states that the TCPA speaks for itself and objects to and denies any attempt to characterize the TCPA.

13. Paragraph 13 of the Complaint contains legal conclusions to which no response is required.  Additionally, Resolution Processing states that the TCPA and findings of the FCC speak for themselves and objects to and denies any attempt to characterize either.

14. Paragraph 14 of the Complaint contains legal conclusions to which no response is required.  Additionally, Resolution Processing states that the TCPA and findings of the FCC speak for themselves and objects to and denies any attempt to characterize either.

15. Paragraph 15 of the Complaint contains legal conclusions to which no response is required.  Additionally, Resolution Processing states that the TCPA and findings of the FCC speak for themselves and objects to and denies any attempt to characterize either.

16. Resolution Processing is without sufficient knowledge to admit or deny the allegations in paragraph 16 of the Complaint, and thus denies same.

17. Resolution Processing denies the allegations in paragraph 17 of the Complaint.

18. Resolution Processing denies the allegations in paragraph 18 of the Complaint.

19. Resolution Processing is without sufficient knowledge to admit or deny the allegations in paragraph 19 of the Complaint, and thus denies same.

20. Resolution Processing is without sufficient knowledge to admit or deny the allegations in paragraph 20 of the Complaint and thus denies same.

Answer and Affirmative Defenses
*Scofield v. Resolution Processing*
Page 4

Case No. 2024-CV-61102-LEIBOWITZ/AUGUSTIN-BIRCH

21. Resolution Processing denies the allegations in paragraph 21 of the Complaint.

22. Resolution Processing is without sufficient knowledge to admit or deny the allegations in paragraph 22 of the Complaint and thus denies same.

23. Resolution Processing is without sufficient knowledge to admit or deny the allegations in paragraph 23 of the Complaint and thus denies same.

24. Resolution Processing is without sufficient knowledge to admit or deny the allegations in paragraph 24 of the Complaint and thus denies same.

25. Resolution Processing is without sufficient knowledge to admit or deny the allegations in paragraph 25 of the Complaint and thus denies same.

26. Resolution Processing is without sufficient knowledge to admit or deny the allegations in paragraph 26 of the Complaint and thus denies same.

27. Resolution Processing is without sufficient knowledge to admit or deny the allegations in paragraph 27 of the Complaint and thus denies same.

28. Resolution Processing is without sufficient knowledge to admit or deny the allegations in paragraph 28 of the Complaint and thus denies same.

29. Resolution Processing denies the allegations in paragraph 29 of the Complaint.

30. With respect to the allegations in paragraph 30 of the Complaint, Resolution Processing admits only that it did not contact Plaintiff for any purpose. The remaining allegations in paragraph 30 are denied.

31. With respect to the allegations in paragraph 31 of the Complaint, Resolution Processing admits only that Plaintiff purports to bring this action on behalf of himself and the proposed class but denies that there is any justiciable claim or that Plaintiff is entitled to any relief whatsoever. Additionally, Resolution Processing denies that Plaintiff can pursue this action on

behalf of the proposed class and further denies that Plaintiff and this action meet the requirements of Rule 23 of the Federal Rules of Civil Procedure. The remaining allegations in paragraph 31 are denied.

32. With respect to the allegations in paragraph 32 of the Complaint, Resolution Processing admits only that Plaintiff purports to bring this action on behalf of the proposed class but denies that there is any justiciable claim or that Plaintiff can pursue this action on behalf of any proposed class. The remaining allegations in paragraph 32 are denied.

33. Resolution Processing denies the allegations in paragraph 33 of the Complaint.

34. With respect to the allegations in paragraph 34 of the Complaint, Resolution Processing admits only that Plaintiff purports to exclude from the proposed class those individuals identified in paragraph 34. Resolution Processing denies that there is any justiciable claim or that Plaintiff can pursue this action on behalf of any proposed class. The remaining allegations in paragraph 34 are denied.

35. Resolution Processing denies the allegations in paragraph 35 of the Complaint.

36. With respect to the allegations in paragraph 36 of the Complaint, Resolution Processing admits only the Complaint seeks injunctive relief and money damages. Resolution Processing denies that there is any justiciable claim or that Plaintiff is entitled to any relief whatsoever.

37. Resolution Processing denies the allegations in paragraph 37 of the Complaint.

38. Resolution Processing denies the allegations in paragraph 38 of the Complaint.

39. Resolution Processing denies the allegations in paragraph 39 of the Complaint.

40. Resolution Processing denies the allegations in paragraph 40 of the Complaint.

41. Resolution Processing denies the allegations in paragraph 41 of the Complaint.

42. Resolution Processing denies the allegations in paragraph 42(a)-(d) of the Complaint.

43. Resolution Processing denies the allegations in paragraph 43 of the Complaint.

44. Resolution Processing is without sufficient knowledge to admit or deny the allegations in paragraph 44 of the Complaint and thus denies same.

45. Resolution Processing denies the allegations in paragraph 45 of the Complaint.

46. Resolution Processing denies the allegations in paragraph 46 of the Complaint.

47. Resolution Processing is without sufficient knowledge to admit or deny the allegations in paragraph 47 of the Complaint and thus denies same.

48. Resolution Processing adopts and incorporates its responses to paragraphs 1 through 47.

49. Resolution Processing denies the allegations in paragraph 49 of the Complaint.

50. Resolution Processing denies the allegations in paragraph 50 of the Complaint.

51. Resolution Processing denies the allegations in paragraph 51 of the Complaint.

52. All allegations not specifically admitted herein are denied.

## **AFFIRMATIVE DEFENSES**

1. As its First Affirmative Defense, Resolution Processing states that Plaintiff fails to allege any ultimate facts against Resolution Processing and as such the Complaint fails to state a claim upon which relief can be granted against Resolution Processing.

2. As its Second Affirmative Defense, Resolution Processing states that Plaintiff's TCPA claim is barred to the extent that Plaintiff and/or any of the putative class members provided prior express consent to receive calls on their cellular telephones, and such consent was never revoked.

3.	As its Third Affirmative Defense, Resolution Processing states that Plaintiff's claim is barred in that any damage allegedly sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent, and/or unlawful conduct of Plaintiff a/k/a Michael Smith, and not any act or omission on the part of Resolution Processing.

4.	As its Fourth Affirmative Defense, Resolution Processing states that Plaintiff's claim is barred in that any damage allegedly sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent, and/or unlawful conduct of independent third parties or their agents over whom Resolution Processing had no authority or control, including but not limited to Michael Smith, and not any act or omission on the part of Resolution Processing.

5.	As its Fifth Affirmative Defense, Resolution Processing states that Plaintiff's claims are barred by the conduct, actions, and inactions of Plaintiff and/or the putative class members under the doctrine of ratification.

6.	As its Sixth Affirmative Defense, Resolution Processing states that Plaintiff's claims are barred by the conduct, actions and/or inactions of Plaintiff and/or the putative class members, which amount to and constitute an estoppel of the claims alleged in the Complaint and of any relief sought.

7.	As its Seventh Affirmative Defense, Resolution Processing states that Plaintiff's claims are barred by the conduct, actions and inactions of Plaintiff and/or the putative class members, which amount to and constitute a waiver of any right or rights Plaintiff or the putative class members may or might have in relation to the matters alleged in the Complaint.

8.	As its Eighth Affirmative Defense, Resolution Processing states that Plaintiff's

claims are barred by virtue of the fact that Resolution Processing did not initiate or physically place any call allegedly received by Plaintiff.

9.  As its Ninth Affirmative Defense, Resolution Processing states that Plaintiff's claims are barred by virtue of the fact that he did not suffer any injury and lacks standing.

10. As its Tenth Affirmative Defense, Resolution Processing states that Plaintiff's claims are barred by the doctrine of unclean hands.

11. As its Eleventh Affirmative Defense, Resolution Processing states that Plaintiff's claims are barred because Plaintiff cannot satisfy some or all of the requirements for certifying and maintaining a class action under Federal Rule of Civil Procedure 23. Specifically, Plaintiff cannot demonstrate:

   a. The numerosity and/or ascertainability of the purported class;

   b. The presence of questions of law or fact common to the putative class;

   c. That Plaintiff's claims are typical of those of the putative class;

   d. That Plaintiff and/or his counsel are adequate representatives of the putative class;

   e. That individual questions of law and/or fact will not predominate over any common questions of law and/or fact which may be presented; and/or

   f. That a class action is superior to other methods of adjudicating the matters in dispute.

12. As its Twelfth Affirmative Defense, Resolution Processing states that Plaintiff's claims are barred by the doctrine of *In Pari Delicto*, due to Plaintiff's fraudulent, wrongful conduct when he provided false information through a website, requesting to be contacted at the

telephone number referenced in the Complaint, in an effort to manufacture a false claim of a TCPA violation.

13. As its Thirteenth Affirmative Defense, Resolution Processing states that Plaintiff's claims are barred by his acts of fraud which occurred when he provided false information through a website, requesting to be contacted at the telephone number referenced in the Complaint, in an effort to manufacture a false claim of a TCPA violation.

14. As its Fourteenth Affirmative Defense, Resolution Processing states that Plaintiff's claim for injunctive relief is barred by virtue of the fact that Plaintiff has an adequate remedy at law.

15. As its Fifteenth Affirmative Defense, Resolution Processing states that Plaintiff's claims are barred because Resolution Processing did not knowingly or willingly violate the TCPA. Moreover, Resolution Processing

16. As its Sixteenth Affirmative Defense, Resolution Processing states that it is entitled to a setoff for any settlement or award that Plaintiff receives from any other source.

17. Resolution Processing reserves the right to amend its Answer and Affirmative Defenses and to assert any additional defenses that may arise during the course of this litigation.

Respectfully submitted,

**MARKO & MAGOLNICK, P.A.**
Attorneys for Defendant
3001 S.W. 3rd Avenue
Miami, Florida 33129
Telephone: (305) 285-2000
Facsimile: (305) 285-5555

By: /s/ Joel S. Magolnick
Joel S. Magolnick
Florida Bar No. 776068
Magolnick@mm-pa.com

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on August 7, 2024, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing

By: /s/ Joel S. Magolnick
Joel S. Magolnick